```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**PRINCESS ANTHONY-GARY,**

                              **Plaintiff,**

      v.                                    **CASE NO. 05-3324-SAC**

**GEARY COUNTY SHERIFF'S DEPT., et al.,**

                              **Defendants.**

<u>**O R D E R**</u>

This matter is before the court on a pro se civil complaint filed by a prisoner confined in the Geary County Detention Center in Junction City, Kansas. Plaintiff broadly alleges discrimination on the basis of race, national origin, and disability, and seeks relief under both Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA), 42 U.S.C. 12101 *et seq*.

The Prison Litigation Reform Act (PLRA), effective April 26, 1996, mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). <u>See</u> <u>also</u>, <u>Booth v. Churner</u>, 531 U.S. 956 (2001)(Section 1997e(a), as amended by PLRA, requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels).

In the present case, plaintiff acknowledges she has not

pursued administrative remedies on any of her claims, specifically noting in her complaint that she had not filed charges regarding the alleged discriminatory conduct with the Kansas State Division of Human Rights or the Kansas State Commission on Human Rights or the Equal Employment Opportunity Commission (EEOC), and had not filed a Notice of Intent with EEOC.  *See* Complaint (Doc. 1), p.4.  Nor does plaintiff have a Notice of Right to Sue letter issued by EEOC.  Id.

Thus on the face of the complaint it clearly appears petitioner has not yet exhausted the administrative remedies required for seeking relief on her claims.  *See* 42 U.S.C. 2000e-5(e) and (f)(1)(timely charge of discrimination must be filed with EEOC prior to filing a civil action under Title VII); Jones v. Runyon, 91 F.3d 1398, 1399 & n. 1 (10th Cir. 1996)(exhaustion of administrative remedies is jurisdictional prerequisite to filing suit under Title VII).  *See also* McBride v. CITGO Petroleum, 281 F.3d 1099, 1105 (10th Cir. 2002)(exhaustion of administrative remedies under the Americans with Disabilities Act is a jurisdictional prerequisite to suit in the Tenth Circuit).

Accordingly, the court directs plaintiff to show cause why the complaint should not be dismissed without prejudice pursuant to 42 U.S.C. 1997e(a).  The failure to file a timely response may result in this matter being dismissed without prejudice and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed

without prejudice, pursuant to 42 U.S.C. 1997e(a).

**IT IS SO ORDERED.**

DATED:  This 3rd day of August 2005 at Topeka, Kansas.


<u> s/ Sam A. Crow            </u>
SAM A. CROW
U.S. Senior District Judge